# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THE HUNTINGTON NATIONAL BANK, assignee of FIFTH THIRD BANK,<br><br>Plaintiff,<br><br>v.<br><br>RALPH MILMAN, EPHRAT K. AFEK, RONEN KOUBI, TEMPEST TRANSPORTATION, INC., FLORAL LOGISTICES OF CALIFORNIA, INC., FLORAL LOGISTICS OF MIAMI, INC. FLORIDA BEAUTY EXPRESS, INC. and FLORIDA BEAUTY FLORAL, INC.,<br><br>Defendants. | Civil Action No. 18-89<br>Judge Nora Barry Fischer |

## MEMORANDUM OPINION

### I. BACKGROUND

In this diversity action, Plaintiff Huntington National Bank alleges that Defendants Ralph Milman *et al.* breached personal guarantees pertaining to a lease entered into by non-party Optimized Leasing, Inc, which is currently in bankruptcy proceedings in the U.S. Bankruptcy Court for the Southern District of Florida. (Docket Nos. 1; 17). The personal guarantees were negotiated between 2014 and 2016 by Plaintiff's predecessor, Fifth Third Bank, which, like Plaintiff, is based in Ohio and Defendants, which are residents of either Florida and California. (*Id.*). Each of the personal guarantees contain a forum selection clause designating the state and federal courts in Hamilton County, Ohio as appropriate venues, with Defendants waiving any objections to venue or jurisdiction in those courts. (Docket Nos. 1-5:1-11). Presently before the

1

Court is a motion to dismiss for lack of personal jurisdiction and/or venue filed by Defendants, wherein they contend that there are not sufficient contacts with this District for purposes of venue and/or personal jurisdiction. (Docket Nos. 16, 17). In opposition, Plaintiff suggests that forum specific contacts occurred starting in October of 2017 at which time the file was assigned to a Pittsburgh-based employee who engaged in collection efforts from this District by exchanging correspondence and other communications with certain of the individual Defendants who were out of state at the time. (Docket No. 22). Plaintiff further contends that if the Court finds that venue or personal jurisdiction are lacking, the Court should transfer the case to the U.S. District Court for the Southern District of Ohio rather than dismissing the action. (*Id.*). After careful consideration of the parties' positions, and for the following reasons, Defendants' motion [16] is granted, in part and denied, in part and this matter will be transferred to the U.S. District Court for the Southern District of Ohio, forthwith.

II. DISCUSSION

"'While the question of personal jurisdiction is typically decided in advance of venue, a court may proceed to the consideration of venue whenever there is sound justification for its doing so.'" *Armstrong Dev. Properties, Inc. v. Ellison*, Civ. A. No. 13-1590, 2014 WL 1452322, at *4 (W.D. Pa. Apr. 14, 2014) (quoting *Centimark Corp. v. Saffold*, Civ. A. No. 07–342, 2007 WL 2317350, at *1 (W.D.Pa. Aug.8, 2007) (Lancaster, J.), which cited *Leroy v. Great Western United Corp.*, 443 U.S. 173, 180, 99 S.Ct. 2710, 61 L.Ed.2d 464 (1979)). "Courts have recognized that such a sound justification arises if the resolution of contested issues on personal jurisdiction is not in the interests of judicial economy due to the complexity of the issues raised and the Court finds that venue should more appropriately lie in another District." *Id.* In this Court's estimation, a

transfer of venue is appropriate under either 28 U.S.C. §§ 1404 or 1406 such that it is in the interest of judicial economy to proceed to decide the contested venue issues which are dispositive.

*A. Improper Venue*

Initially, it appears that the U.S. District Court for the Western District of Pennsylvania is an improper venue for litigation surrounding the alleged breach of personal guarantees negotiated between a bank based in the Southern District of Ohio (with offices in Florida) and Defendants who are residents of Florida and California. *See* 28 U.S.C. § 1391(a) ("A civil action may be brought in--(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action."). The only evidence of a connection to this District concerns unilateral action taken by the Plaintiff to use employees in its Pittsburgh Office (rather than its Columbus headquarters) to engage Defendants for collection purposes after the default had occurred. (Docket No. 22-1). But, this Court has held that these types of contacts are generally not sufficient to demonstrate that Defendants purposefully availed themselves to being sued in this District. *See e.g., Smith v. Integral Consulting Serv., Inc.*, 2014 WL 4828972, at 11* (W.D. Pa. Sept. 29, 2014) (listing cases and holding that personal jurisdiction was not satisfied by contacts with the District occasioned by the unilateral movement of the plaintiff and communications sent and received while he was located here). Accordingly, venue is improper in this District, warranting a transfer to the more appropriate venue in the U.S. District Court for the

3

Southern District of Ohio. *See* 28 U.S.C. § 1406(a) ("[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.").

### B. *Discretionary Transfer of Venue*

In the alternative, insofar as venue properly lies here, the Court would exercise its discretion to transfer this matter under 28 U.S.C. § 1404(a) after considering all of the factors in *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir.1995), as a careful weighing of those factors strongly suggest that such a transfer is in the interests of justice. The relevant private interests for consideration include: (1) each party's forum preference; (2) where the claims arose; (3) the convenience of the parties; (4) the convenience of the witnesses; and (5) the location of the books and records. *Id.* The cited public interests include: (1) the enforceability of the judgment; (2) practical considerations of expediting trial and reducing costs; (3) administrative difficulties in the two fora due to court congestion; (4) the local interest in deciding local controversies; (5) public policies of the fora; and (6) the familiarity of the trial judge with the applicable state law. *Id.* at 879–80.

With respect to the relevant private interests, all of the factors support the transfer, strongly counseling the Court to transfer this case to the U.S. District Court for the Southern District of Ohio. *Jumara*, 55 F.3d at 879. In this regard, Plaintiff's forum preference is given little weight because: the personal guarantees all contain forum selection clauses listing the Courts in Hamilton County, Ohio as an appropriate forum, which includes the U.S. District Court for the Southern District of Ohio; Plaintiff maintains its headquarters in Columbus, Ohio, which is within that District; the personal guarantees are governed by Ohio law; and Plaintiff has brought suit here

4

against non-resident Defendants, which have waived any objection to the transferee venue. *See e.g., See Dawes v. Publish Am. LLLP*, 563 F. App'x 117, 118 (3d Cir.2014), *cert. denied sub nom ., Dawes v. Publish Am. LLP*, ––– U.S. ––––, 135 S.Ct. 1159, 190 L.Ed.2d 917 (2015) (citations omitted) ("If the contract does not contain a mandatory forum selection clause, then a forum non conveniens analysis applies."); *Carpenters Combined Funds, Inc. ex rel. Klein v. Kelly Systems, Inc.*, Civ. A. No. 14-1681, 2015 WL 3457872, at *8 (W.D. Pa. May 29, 2015) (transfer lightly disturbed as Plaintiff maintained offices in transferee District). As to where the claims arose, the guarantees were not negotiated in this District, the contracts were not performed here and the only connection appears to be the unilateral decision by Plaintiff to use its employees in its Pittsburgh office to attempt to collect from Defendants. *See Northgate Processing, Inc. v. Spirongo Slag McDonald, LLC*, Civ. A. No. 15-1116, 2015 WL 7308675, at *3 (W.D. Pa. Nov. 19, 2015) (transferring case to Ohio in case where "the facts are clear that the claims Plaintiffs are pursuing in this case arose, if at all, through conduct which took place (or is still taking place) in Ohio and the connection to Pennsylvania is attenuated, at best."). The convenience of the parties and location of the books and records similarly favor transfer because, again, the parties agreed to litigate in that District and any evidence can be produced there electronically. *Jumara*, 55 F.3d at 879.

The relevant public factors favoring the transfer include the first, third, fourth, and sixth factors, which compel this Court to exercise its discretion to transfer the matter. *Jumara*, 55 F.3d at 879-80. As to the enforceability of the judgment, the Defendants have raised a significant defense that this Court lacks personal jurisdiction over them which is not an impediment if the litigation proceeds in the Southern District of Ohio given the forum selection clause. (*See* Docket

Nos. 16, 17). Further, there is little local interest in this controversy involving out-of-state parties and while this Court is capable of determining and applying Ohio common law to the parties' claims and defenses in this litigation, the Judges sitting in Ohio have more experience in these areas. *See Northgate*, 2015 WL 7308675, at *4. With respect to court congestion, this Court is presently operating with six judicial vacancies (out of ten seats), three of which have been empty for almost five years, while the Southern District of Ohio has two vacancies (out of eight seats), lending further support to the Court's decision. *See Administrative Office of U.S. Courts, Current Judicial Vacancies, available at:* http://www.uscourts.gov/judges-judgeships/judicial-vacancies/current-judicial-vacancies (last visited 5/18/18). The remaining public factors are largely neutral. But, an overall weighing of the *Jumara* factors plainly supports a transfer to the U.S. District Court for the Southern District of Ohio. *Jumara*, 55 F.3d at 879-80.

    C. CONCLUSION

Based on the foregoing, Defendants' Motion [16] is granted, in part, and denied, in part. Said motion is granted to the extent that the case will be transferred to the U.S. District Court for the Southern District of Ohio, Western Division and denied to the extent that Defendants seek dismissal. An appropriate Order follows.

                                      *s/Nora Barry Fischer*
                                      Nora Barry Fischer
                                      United States District Judge

Dated: May 18, 2018

cc/ecf: counsel of record